# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**DANIEL PAUL COPPLE**                                                        **PETITIONER**

**V.**                         **CIVIL ACTION NO.: 1:18CV89-GHD-DAS**

**MARSHAL TURNER and**
**ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI**       **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Mississippi inmate, Daniel Paul Copple, on a petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244, and Copple has filed a response to the motion. This matter is now ripe for resolution. Having fully considered the record, arguments of the parties, and the applicable law, Respondents' motion will be granted and the instant petition dismissed with prejudice, for the reasons set forth below.

### I.
### Factual and Procedural History

On December 8, 2011, Copple was convicted of two counts of murder and one count of aggravated assault in the Circuit Court of Lowndes County, Mississippi, and was sentenced to life imprisonment on each murder conviction and fifteen years' imprisonment on the aggravated assault conviction. Doc. #11-1. On July 16, 2013, the Mississippi Court of Appeals affirmed Copple's convictions and sentences. *Copple v. State*, 117 So. 3d 651 (Miss. Ct. App. 2013) (2012-KA-00237-COA). Copple failed to seek rehearing in the Mississippi Court of Appeals.

After filing numerous pleadings in State courts, Copple filed a federal habeas petition on or about May 16, 2018, challenging his State-court convictions and sentences. Doc. #1 & Doc. #2.

## II.
## Legal Standard

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion should be granted turns on the statute's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

## III.
## Discussion

A state judgment generally becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). When a petitioner fails to seek discretionary review in State court, however, he "stops the appeal process." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). In such

cases, the conviction becomes final when "the time for seeking further direct review in the state court expires." *Id.*; *see also* 28 U.S.C. § 2244(d)(1)(A). In this case, Copple had fourteen days following the decision on direct appeal in which to seek rehearing in the Mississippi Court of Appeals, but he did not seek discretionary review by filing a petition for rehearing. *See* Miss. R. App. P. 40(a). As such, his conviction became final, and the federal limitations period began to run, when the time expired for him to seek discretionary review – July 30, 2013, fourteen days after his conviction was affirmed on July 16, 2013. *See* Miss. R. App. P. 40; *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that when a petitioner does not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'– when the time for pursuing direct review in this Court, or in state court, expires"). Therefore, Copple must have filed a "properly filed" application for post-conviction relief on or before July 30, 2014, to toll the limitations period, or his federal habeas petition would be untimely.

Copple filed numerous pleadings in the Lowndes County Circuit Court, Lowndes County Chancery Court, and Mississippi Supreme Court challenging the murder and aggravated assault convictions at issue in this case. For instance, he filed a motion requesting the production of records and transcripts in the Lowndes County Circuit Court in March 2012 that was denied on May 22, 2012. *See* Doc. #11-3 & Doc. #11-4. However, these filings were submitted prior to the date the federal limitations period began to run, and therefore, do not entitle Copple to statutory tolling.

On August 11, 2014, over a year after his unsuccessful direct appeal concluded, Copple, with the assistance of counsel, signed a "Complaint for Discovery" that was stamped "filed" in the Lowndes County Chancery Court on August 18, 2014. Doc. #11-5. The complaint was construed as a motion or post-conviction relief, and the Chancery Court dismissed the complaint for lack of jurisdiction by Order signed January 15, 2017. Doc. #11-6. Copple appealed the

3

judgment of dismissal to the Mississippi Supreme Court, which affirmed the dismissal on June 28, 2016. *Copple v. State*, 196 So. 3d 189 (Miss. Ct. App. 2016) (2015-CA-00237-COA); *see also* Doc. #11-7. Because Copple's filings were signed and filed after the expiration of the federal limitations period on July 30, 2014, Copple is not entitled to statutory tolling for the pendency of his state post-conviction action.[1]

Copple subsequently filed six post-conviction actions in the Mississippi Supreme Court challenging his murder and aggravated assaulted convictions between September 2015 and September 2017. *See* Docs. #11-8 through #11-13. Upon dismissing Copple's sixth and final post-conviction relief application on October 4, 2017, the court sanctioned Copple in the amount of $100 for filing a frivolous action. *See* Doc. #11-13. All six of Copple's post-conviction actions challenging his murder and aggravated assault convictions were filed after the expiration of the deadline for him to seek federal habeas relief. As such, he is not entitled to statutory tolling during the pendency of these post-conviction actions.

Copple's federal habeas petition was "filed" sometime between the date it was signed on May 14, 2018, and when it was stamped filed in this Court on May 16, 2018. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a *pro se* prisoner's petition filed on the date it is delivered to prison officials for mailing). Either date is well past the one-year statute of limitations imposed by the AEDPA.

Therefore, federal habeas relief is available to Copple only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder*, 204 F.3d at 170-71. A miscalculation of the federal limitations

---

[1] The Court otherwise notes that as the pleadings filed in the Lowndes County Chancery Court were dismissed for lack of jurisdiction, they were not "properly filed" within the meaning of § 2244(d)(2). *See Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable law and rules governing filings").

period is not grounds for equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Rather, equitable tolling is available "if the [petitioner was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). (citations omitted). Copple claims that equitable tolling is warranted in his case, as his alleged insanity at the time of the crimes and incompetency at the time of trial implicate fundamental rights that are not subject to procedural bars. *See, e.g.*, Doc. #1 at 19.

To be entitled to equitable tolling because of a mental impairment, the petitioner must show that a mental illness actually rendered him incapable of pursuing his legal rights prior to the expiration of the limitations period. *See, e.g., Fisher*, 174 F.3d at 715-16; *see also Boothe v. Quarterman*, 326 F. App'x 257, 2009 WL 1011191 (5th Cir. April 15, 2009) (holding that the district court did not abuse its discretion by refusing to invoke equitable tolling where petitioner failed to meet his burden of showing his mental condition prevented him from pursuing his legal rights during applicable time frame). Here, Copple has only alleged mental impairment, and he has not submitted any evidence that his ability to pursue his legal rights was hampered by his mental condition. Therefore, the Court finds that Copple has not demonstrated that equitable tolling is applicable in this case, and the Court explicitly finds that no rare and exceptional circumstances exist that would warrant equitable tolling.

The Court also notes that the Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar. . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 394 (2013). To make the requisite showing, a petitioner must produce new, reliable evidence sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (citations omitted). Copple has not presented any new, reliable evidence to support his claims and cannot make a credible claim of

actual innocence to overcome the bar. Accordingly, the instant petition is untimely and will be dismissed.

## IV.
## Certificate of Appealability

A petitioner must obtain a certificate of appealability ("COA") before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added). Applying this standard, the Court concludes that a COA should be denied in this case.

## V.
## Conclusion

For the reasons set forth above, the Court **GRANTS** Respondents' "Motion to Dismiss" [11] and **DISMISSES with prejudice** the petition filed in this cause. A certificate of appealability is **DENIED**, as Copple has failed to show his petition timely and to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A separate final judgment will issue today.

**SO ORDERED** this the 14th day of August, 2018.

SENIOR U.S. DISTRICT JUDGE